UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSE ANTONIO COSSIO, JR.,

    Plaintiff,

    v.

PATRICK BLANCHARD; COOK COUNTY;
and COOK COUNTY DOE EMPLOYEES,

    Defendants.

No. 19 C 265

Judge Thomas M. Durkin

**ORDER**

Defendants' motion to dismiss [13] is granted. Plaintiff's motions for preliminary injunction [8] [9] are denied as moot. Plaintiff's application to proceed in forma pauperis [3] is denied as moot.

**STATEMENT**

Plaintiff Jose Cossio alleges that Defendants improperly withheld discovery during a state administrative proceeding to terminate him from his employment with Cook County. Mr. Cossio claims that this withholding of discovery violated his due process rights under the Fourteenth Amendment (Count I). He claims further that the discovery violation "deprived [him] of his property interest in continued employment" (Count II). He also claims that Defendants' actions constitute fraudulent concealment which fraudulently induced him to "stipulate" to "waive[] his due process argument" during the administrative proceedings (Count IV). Mr. Cossio seeks a "declaration" that he is "entitled to wages, until a new hearing can be concluded" (Count III).

Counts I and IV against Cook County are dismissed with prejudice as barred by res judicata. Mr. Cossio first raised a due process claim against Cook County based on discovery violations before Judge Chang in the case *Cossio v. Tortelout, et al.*, 15 C 7746 (N.D. Ill.), R. 152 at 10-12, which he withdrew in favor of pursuing the claim in state court. *See* R. 184 (15 C 7746). To that end, Mr. Cossio filed a petition in the Circuit Court of Cook County to vacate the court's denial of his appeal of his termination proceedings based on the discovery violation allegation. During oral argument on that petition, Mr. Cossio argued that he was harmed by the County's discovery violation. *See* R. 18-1.

Under Illinois law, res judicata applies to bar relitigation of all claims "actually decided in a previous action as well as to all grounds of recovery and defenses which might have been presented in the prior litigation." *Whitaker v. Ameritech Corp.*, 129 F.3d 952, 956 (7th Cir. 1997). Mr. Cossio made a fraudulent concealment argument to the Circuit Court, and argued that the discovery violation was made to induce his waiver of certain claims. *See* R. 18-1. Although Mr. Cossio did not argue that the discovery violation constituted a procedural due process violation, he could have made this argument in that proceeding, considering the underlying facts were squarely at issue, and he demonstrated the ability to make such an argument before Judge Chang. The Circuit Court found that Mr. Cossio's petition was untimely and that the discovery violation did not rise to the level of fraud necessary excuse the petition's untimeliness. This is a final judgment which bars Mr. Cossio's claims in this case regarding the alleged discovery violation. *See Beyer v. Cormier*, 70 Fed.

App'x 903, 905 (7th Cir. 2003) ("[F]or res judicata purposes, a decision based on the statute of limitations is a final judgment on the merits of a claim.").

Even if Count I were not barred by res judicata, the Court would dismiss it anyway because Mr. Cossio has cited no authority that discovery in a civil proceeding is an interest protected by the Fourteenth Amendment. *See Tucker v. City of Chicago*, 907 F.3d 487, 491 (7th Cir. 2018) ("The two elements of a procedural due process claim are (1) deprivation of a protected interest and (2) insufficient procedural protections surrounding that deprivation.").

Counts II and III against Cook County are also dismissed with prejudice as barred by res judicata. Mr. Cossio made due process claims regarding termination of his employment against Cook County in the case *Cossio v. Tortelout, et al.*, 15 C 7746 (N.D. Ill.). Judge Chang dismissed those claims. *See* R. 57 at 10-17 (15 C 7746). Mr. Cossio appealed, but dismissed Cook County from the appeal. *See* R. 89 (15 C 7746). Thus, Judge Chang's original dismissal is a final order that bars Cossio's due process claim regarding his employment in this case.

Patrick Blanchard does not appear to have a been a party to any of he prior proceedings mentioned above. Thus, the Court's application of res judicata does not apply to Mr. Cossio's claims against Mr. Blanchard.

However, all claims against Mr. Blanchard are dismissed without prejudice because Mr. Cossio has not alleged that Mr. Blanchard had any personal involvement in this case.

For these reasons, Mr. Cossio's claims against Cook County are dismissed with prejudice, meaning that Mr. Cossio may not replead them. Mr. Cossio's claims against Mr. Blanchard and the unidentified individuals are dismissed without prejudice. This means that if Mr. Cossio believes he can fix the problems with those claims and describe facts that state a federal claim, he may file an amended complaint. If Mr. Cossio wants to file an amended complaint, he must do so by Monday, April 29, 2019. If Mr. Cossio does not file an amended complaint by that day, his remaining due process claims will be dismissed with prejudice.

If Mr. Cossio files an amended complaint, he will also need to refile his application to proceed in forma pauperis.

For assistance in proceeding with this case, Mr. Cossio may make an appointment with the District Court's Pro Se Assistance Program online at http://www.ilnd.uscourts.gov/Pages.aspx?page=ProSe or by calling (312) 435-5691.

ENTERED

*Thomas M Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: March 29, 2019